UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRIAN R.,

                Plaintiff,

v.                                             5:25-CV-00208
                                             (ML)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

APPEARANCES:                                 OF COUNSEL:

OLINSKY LAW GROUP                 EDWARD A. WICKLUND, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    KRISTINA D. COHN, ESQ.
  Counsel for the Defendant             Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## <u>ORDER</u>

Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

_____

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

in connection with those motions on March 20, 2026, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is DENIED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 15) is GRANTED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)      Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 26, 2026
        Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**************************************************

BRIAN SCOTT ROBERTS,

                          Plaintiff,

               -v-   25-cv-208

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

**************************************************


                   EXCERPT OF TEAMS PROCEEDINGS
               BEFORE THE HONORABLE MIROSLAV LOVRIC
                     March 20, 2026


PRESENT FOR PLAINTIFF:

OLINSKY LAW GROUP
BY:  Edward A. Wicklund, Esq.
250 South Clinton Street
Syracuse, New York   13202


FOR THE DEFENDANT:

SOCIAL SECURITY ADMINISTRATION
BY:  Kristina D. Cohn, Esq.
6401 Security Boulevard
Baltimore, Maryland   21235

THE COURT:  All right.  Well, the Court is going to commence its reasoning, analysis and decision as follows:

Plaintiff has commenced this proceeding pursuant to Title 42, U.S. Code, Section 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that he was not disabled at the relevant times and therefore ineligible for the benefits that he sought.

By way of background, the Court notes as follows:  Plaintiff was born in 1970.  Plaintiff is currently approximately 55 years of age.  Plaintiff was approximately 51 years of age on the date of his application for benefits.  At the time of his administrative hearing, Plaintiff lived alone.

The Court notes that while in school, Plaintiff received special education assistance until he left prior to completion of the 10th grade.  Plaintiff's work history includes positions as a janitor at a hotel, packer at a manufacturing facility and, most recently, dishwasher at a restaurant.  Plaintiff left this position following a dispute with a coworker.  Plaintiff has not worked since 2020.

Plaintiff's disability claim is premised entirely on his mental health impairments.  Plaintiff

ROBERTS v COMM. OF SOCIAL SECURITY - 25-cv-208

described having nightmares, flashbacks, and distressing memories stemming from his childhood trauma, as well as difficulty trusting and interacting others due to his post-traumatic stress disorder symptoms.

Plaintiff described himself as depressed, unmotivated and lethargic, and reported difficulties with attention and concentration and a tendency to isolate himself.

Procedurally, the Court notes as follows: Plaintiff applied for Title XVI benefits on October 26th of 2021, alleging an onset date of November 11th, 2017. In support of his application for benefits, Plaintiff claims disability based on a number of mental health and health impairments, including PTSD and depression. Plaintiff has not alleged any disabling physical impairments.

Administrative Law Judge John Ramos conducted a hearing on May 14th of 2024 to address Plaintiff's application for benefits.  ALJ Ramos issued an unfavorable decision on May 22nd of 2024.  That decision became the final determination of the agency on January 27th of 2025 when the Appeals Council denied Plaintiff's request for review.

This civil action was commenced on January 13th of 2025, and it is timely.

ROBERTS v COMM. OF SOCIAL SECURITY - 25-cv-208

In his May 22nd of 2024 decision at issue in this case, the ALJ conducted the familiar five-step test for determining disability.

At Step 1, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since his application date of October 26th of 2021.

At Step 2, the ALJ concluded that Plaintiff had the following severe impairments, that being depressive disorder, anxiety disorder, and PTSD.

At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairments.

In making this determination, the ALJ expressly considered the following listings:

Listing 12.04, dealing with depressive bipolar and related disorders.  Listing 12.06, dealing with anxiety and obsessive-compulsive disorders.  Listing 12.15, dealing with trauma and stressor-related disorders.

Next, the ALJ determined that Plaintiff has the residual functional capacity, also known as RFC, to perform work and all exertional levels but with certain nonexertional limitations.

Specifically, the ALJ found that Plaintiff can

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

understand and follow simple instructions and directions and regularly attend to a routine and maintain a schedule.

The ALJ also found Plaintiff can relate to and interact with coworkers and supervisors frequently throughout the day and engage in frequent, brief interaction with the public.  And the ALJ also determined -- give me one second to make sure my computer doesn't decide right now to do a update of all my software.

Continuing with my decision, the ALJ found that Plaintiff can make decisions directly related to the performance of simple work and handle usual workplace changes and interactions associated with simple work.

In addition, the ALJ also found that Plaintiff should work in a position where he is not responsible for the work of others or require to supervise others. And the ALJ also noted that Plaintiff should work in a position with occasional changes in daily work process or routine.

At Step 4, the ALJ found Plaintiff had no past relevant work.  At Step 5, the ALJ relied on the vocational expert testimony to find that considering Plaintiff's age, education, work experience and RFC that

there are jobs existing in significant numbers in the national economy that Plaintiff can perform.

Accordingly, the ALJ found that Plaintiff was not disabled from the application date of October 26th, 2021, through the date of the ALJ's decision.

Turning now to Plaintiff's arguments in this matter, first, the Court notes that this Court's functional role in this case is limited and extremely deferential.  A Court must determine whether the correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion.

As the Second Circuit noted in the case of *Brault v Social Security Administration Commissioner* at 683 F.3d 443, a 2012 Second Circuit case, and the Circuit therein indicated that the standard is demanding more so than the clearly erroneous standard.

Second Circuit also noted in *Brault* that once there is a finding of fact, that fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

In this appeal, Plaintiff raises two primary contentions in the proceedings.  First, Plaintiff argues

that the ALJ failed to properly evaluate the medical opinion evidence.  In particular, Plaintiff contends that the ALJ failed to explain why he did not fully incorporate all the limitations identified in the persuasive opinion from Dr. David Schaich.  That being Dr. David Schaich's July 2023 consultive opinion.

Second, the Plaintiff argues and contends that the ALJ failed to properly evaluate Plaintiff's subjective testimony regarding his difficulty with others.

The Court will now turn to its reasoning, analysis, and decision.

This Court finds that substantial evidence supports the ALJ's evaluation of the evidence addressing Plaintiff's mental health impairments, including the opinion and testimonial evidence for the reasons set forth in Defendant's brief, and the Court adds the following analysis:

Dr. Schaich performed a consultative psychiatric evaluation of Plaintiff on July 14th of 2023.  While Dr. Schaich found no evidence of limitations in many functional areas, he assessed moderate limitations caused by Plaintiff's anxiety and depression in, one, Plaintiff's ability to interact adequately with supervisors, coworkers, and the public

ROBERTS v COMM. OF SOCIAL SECURITY - 25-cv-208

and, two, Plaintiff's ability to regulate emotions, control behavior, and maintain well-being.

The ALJ deemed Dr. Schaich's opinion to be persuasive because it was supported by the consultative psychiatric examination results, and it was consistent with the broader medical record documenting Plaintiff's improvement with treatment.

Plaintiff contends that the RFC allowance of frequent social interaction with supervisors and coworkers and frequent, brief social interaction with the general public fails to properly account for Dr. Schaich's opinion that Plaintiff had moderate limitations and social interaction.

Plaintiff further contends and argues that the ALJ did not address the opined moderate limitations in emotional regulation at all.

This Court disagrees with Plaintiff's contentions.  To begin with, the RFC determination need not mirror a particular medical opinion, even one deemed persuasive.  Rather, an ALJ should base its RFC determination on the longitudinal record.  The ALJ did so here, citing treatment notes from the relevant period, multiple medical opinions, and Plaintiff's own assessments of his functioning and daily activities as part of his RFC analysis.

Second, Courts within the Northern District have regularly found an RFC that allows for frequent social interaction to be consistent with moderate limitations like those assessed by Dr. Schaich; see case of *Melanie L. versus Commissioner of Social Security*. That's found at 5:22-cv-87, and that is a Magistrate Judge Andrew T. Baxter case. The cite is 2022 Westlaw 17992220 at page 8. That's a Northern District of New York, December 29, 2022, case, and therein, Magistrate Judge Baxter also collected a variety of cases for this proposition.

Likewise, courts have regularly found moderate limitations in the ability to regulate emotions, control behavior, and maintain well-being adequately addressed by an RFC of simple tasks with only occasional changes in daily routine and no supervisory responsibilities; see case of *Jeff S. versus Commissioner of Social Security*. That's found at 8:23-cv-1576, and that is a Senior District Court Judge Frederick J. Scullin decision, also with Magistrate Judge Hummel. That's found at 2024 Westlaw 5345046 at page 6, a Northern District of New York decision of December 11th, 2024, by Judge Scullin, and a report-recommendation adopted, and that is found at 2025 Westlaw 254898 and that's a Judge Hummel report, Northern District of New York,

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

January 21st of 2025.

The ALJ's RFC includes such limitations and, thus, adequately addresses the moderate limitations addressed by Dr. Schaich.

Finally, Plaintiff challenges the ALJ's evaluation of this testimony, again raising concerns about the ALJ's evaluation of Plaintiff's limitations in social interaction and emotional regulation.

In particular, Plaintiff contends that the ALJ ignored his description of difficulties with concentration and conflict avoidance when working around others.  Plaintiff also contends that the ALJ ignored his testimony that his medication makes him feel tired.

Recognizing that a claimant's subjective description of his symptoms cannot establish disability by itself and that a reviewing court must give great deference to the ALJ's assessment of hearing testimony, this Court finds that the ALJ marshaled substantial evidence to support his conclusions in these areas and reasonably credited or discounted Plaintiff's subjective complaints against the broader medical record.

The ALJ's decision summarizes Plaintiff's testimony regarding interpersonal conflicts and concentration problems but balances those against treatment notes reflecting Plaintiff's self-assessments

ROBERTS v COMM. OF SOCIAL SECURITY - 25-cv-208

and those of his medical providers indicating that his overall functioning improved over the course of his mental health treatment, including better focus and an increased ability to use coping skills when conflicts arise.

The ALJ also cited daily activities, including shopping, using public transportation, coaching basketball, and socializing with friends.  While these activities are not dispositive on their own, they are a relevant consideration when evaluating Plaintiff's claimed symptoms and limitations.

An ALJ's decision is not required to discuss every shred of medical evidence.  Although he did not specifically mention Plaintiff's testimony that a particular medication made him feel tired, the ALJ's decision does not cite Plaintiff's statements reflected in multiple treatment.  Let me back up.  Sorry about that.  I just misread that.

Starting over with that sentence.  Although he did not specifically mention Plaintiff's testimony that a particular medication made him feel tired, the ALJ's decision does cite Plaintiff's statements reflected in multiple treatment notes that he was not experiencing any major negative side effects and that his sleep had improved over the course of treatment.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

In large measure, Plaintiff's challenges to the ALJ's evaluation of the medical opinion and testimonial evidence and the resulting RFC determination are premised on a disagreement over how the ALJ resolved arguably conflicting evidence about Plaintiff's functional limitations.

It is not sufficient that reasonable parties could interpret the evidence differently, and it is not the function of this reviewing Court to reweigh the evidence.

Therefore, this Court finds no justification for remand in this case.

As a result, Plaintiff's motion for judgment of the pleadings is denied. Defendant's motion for judgment of the pleadings is granted. Plaintiff's complaint is dismissed and the Commissioner's decision denying Plaintiff's benefits is hereby affirmed.

As the Court indicated, I will ask that the court reporter transcribe my decision as set forth on the record. I will then attached that to a summary order and file that in the docket and that way, the parties will have my decision in writing.

All right, everyone. That will conclude our proceedings for today. I hope you have a good rest of the day and have a nice upcoming weekend, and court

ROBERTS v COMM. OF SOCIAL SECURITY - 25-cv-208

stands adjourned.  Thank you, all.

(Proceeding concluded.)

* * * * * * * * * *




C E R T I F I C A T I O N




    I, Lisa L. Tennyson, RMR, CSR, FCRR, Official Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct excerpt of the transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

          __/s/ Lisa L. Tennyson_____

          Lisa L. Tennyson, RMR, RPR, FCRR




Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY